Mike KIRKLIN and Lance Kirklin, Plaintiffs,

v.

Jefferson County Sheriff John C. STONE, individually and in his official capacity, Former Jefferson County Sheriff Ronald Beckham, individually and in his official capacity, Jefferson County Sheriff's Department, Neil Gardner, individually, John Hicks, individually, Mark M. Miller, individually, T. Williams, individually, Mike Guerra, individually, Phillip Lebeda, individually, John or Jane Does 2 through 10, (All Deputies in the Jefferson County Sheriff's Department), individually, Jefferson County School District R-1; Frank DeAngelis, individually and in his official capacity, Howard Cornell, individually and in his official capacity, Peter Horvath, individually, William Butts, individually, Garrett Talocco, individually, Judy Kelly, individually, Tom Tonelli, individually, Tom Johnson, individually, John or Jane Does 11 through 30, individually, James Royce Washington, Ronald Frank Hartmann, J.D. Tanner, dba Tanner Gun Show, Robert Kirgis, and Kirgis, Inc., a Colorado corporation, Defendants.

No. CIV.00–B–1613.

United States District Court, D. Colorado.

Jan. 23, 2002.

Stephan W. Wahlberg, Keller, Wahlberg, Morrato & Sloane, PC, Englewood, CO, Walter L. Gerash, Walter L. Gerash Law Firm, PC, Denver, CO, Anthony Sturniolo, Sturniolo & Associates, Denver, CO, for Plaintiffs.

J. Andrew Nathan, Andrew J. Fisher, Bernard Roland Woessner, Nathan, Bremer, Dumm & Myers, PC, Denver, CO, William A, Tuthill, III, Lily Wallman Oeffler, County Attorney's Office, Golden, CO, William J. Kowalski, Susan S. Schermerhorn, William Stuart Stuller, Caplan & Earnest, L.L.C., Boulder, CO, Steven Gregory Greenlee, Montgomery, Kolodny, Amatuzio, Dusbabek & Parker LLP, Denver, CO, Franklin D. Patterson, Patterson, Nuss & Seymour, P.C., Englewood, CO, Michael B. Sullivan, Candace Sturdivant, Heather A. Salg, Harris, Karstaedt, Jamison & Powers, P.C., Englewood, CO, J. Stephen Mullen, Ratherford, Mullen, Johnson & Bruce, Colorado Springs, CO, Scott Jurdem, Buchanan, Jurdem & Cederberg, PC, Denver, CO, Alaurice Marie Tafoya, Alaurice M. Tafoya, Law Office, Denver, CO, Richard Lee Everstine, Michele R. Prud'Homme, Robert Patrick Ingram, Dickinson, Everstine & Prud'Homme, Denver, CO, Gordon Lamar Vaughn, Sara A. Ludke, Vaughan & DeMuro, Colorado Springs, CO, Michael R. Waters, Jones & Waters, LLC, Colorado Springs, CO, Lori Mary Moore, Retherford, Mullen, Johnson & Bruce, Colorado Springs, CO, Matthew Y. Biscan, Malcolm S. Mead, Hall & Evans, Denver, CO, for Defendants.

## ORDER

BABCOCK, Chief Judge.

On December 21, 2001, plaintiffs filed their "Motion For Relief From Judgment Under Rule 60(b)(2)(3)(6), F.R.C.P." The sheriff defendants and school defendants have responded to the motion.

Plaintiffs' motion proffers as newly discovered evidence a journal by Eric Harris and reports by the Brown family.

█ "Rule 60(b) relief is only appropriate under extraordinary circumstances." *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir.1994). I analyze a Rule 60(b)(2) motion based upon the ground of newly discovered evidence according to the same standard as that applied under Rule 59. My November 27, 2001 Order of Dismissal in this case incorporated the legal analysis and conclusions set forth in the companion case of *Castaldo, et al. v. Jefferson County Sheriff John C. Stone*, 192 F.Supp.2d 1124 (D.Colo.2001). The controlling law of duty, causation, and immunity set forth in *Castaldo*, as applied to this case, remains unchanged. First, I will assume that the Harris journal here is newly discovered and could not have been discovered through the exercise of diligence. That assumption appears unwarranted, however, as to the Brown reports. I next conclude that under *Castaldo*'s legal matrix, such evidence is cumulative, immaterial, and has no probability of changing the result.

█ To obtain relief pursuant to Fed. R.Civ.P. 60(b)(3) for fraud, misrepresenta-

tion or other misconduct of an adverse party, the movant must establish such conduct by clear and convincing evidence. Additionally, the fraud must have prevented the moving party from fully and fairly being heard. Plaintiffs have failed to meet their Rule 60(b)(3) burden.

Finally, plaintiffs have failed to show such extraordinary circumstances as would justify relief pursuant to Fed.R.Civ.P. 60(b)(6).

IT IS THEREFORE ORDERED that the motion is DENIED.